Good morning, Your Honors. May it please the Court, my name is Audra Bonet, and I'm representing the petitioner Jose Lopez-Vasquez. Mr. Lopez is married to a United States citizen, and they have two United States citizen children. Mr. Lopez's wife filed a marriage-based petition on his behalf, and Mr. Lopez filed a concurrent application for adjustment of status. His application was referred to the Immigration Court, and in January 2005, prior to the enactment of the REAL ID Act, Mr. Lopez re-filed his application for adjustment of status under Section 245I of the INA. The immigration judge denied Mr. Lopez's application for adjustment of status, stating that he was not statutorily eligible due to a 1997 controlled substance conviction, and it's this controlled substance conviction that is at issue here. Mr. Lopez contends that his conviction is for simple possession, which the criminal court subsequently expunged in August 1998, and Petitioner contends that the conviction falls under the Federal First Offenders Act. Counsel, how do we get to that conclusion? It seems to me that the documents show that the possession was with the intent to sell. Yes, Your Honor. The minute orders indicate that it was possession with intent to sell. However, subsequent documents or additional documents were submitted. The most important documents that I'd like the Court to look at are the transcripts. Mr. Lopez submitted the transcripts for the July 13th, 1998 hearing and the August 10th, 1998 hearings. So was that ‑‑ I had a question about that, because I thought that was produced only with the motion to reopen. Is that right? So we're only looking at it for the standard for whether the BIA erred in not reopening. Is that right? That's correct. But the Board did accept the July 1998 transcripts as newly acquired evidence and did consider the transcripts. But not for its merits decision, just for the motion to reopen, right? That's correct. The July 1998 transcripts show a discussion between the public defenders, the deputy DA, and the court, that the judge, to have the charge changed so that the case could be reduced to a misdemeanor. The discussion indicates that the parties were aware that it's not legally possible to reduce Section 11359 to a misdemeanor so that the parties agreed that the section would have to be changed to a misdemeanor. I thought that the BIA, in denying the motion to reopen, I thought they said that, or one of the bases was that you could have gotten this information earlier. It was known to Mr. Lopez Vasquez, and so it wasn't newly discovered, so it didn't meet their criteria. Was that wrong? No. My understanding is the BIA did accept the transcripts as newly acquired evidence because the transcripts were not available to Mr. Lopez at the time. The court, the court, the criminal court did not have the transcripts available. They had to track down the court clerk, and by the time that happened, the case was already on appeal to the BIA. So the BIA did accept it, but they found that it still was lacking in establishing what the conviction was. The BIA said that they could not infer what the conviction was, because the only section noted in the documents was Section 11359, which was the original charge. But the BIA also noted that the discussion on the transcript was to the effect that they would have to change the charge from what actually had been charged and actually had been convicted of. So they can change it, but that suggests that it actually was originally, in reality, possession with intent to sell. Otherwise, why change it? So it's one thing. I guess I just don't know how you turn it into something else. Can I ask a question? Because that's an issue that bothers me, too. But if I understand it, the state charge was changed to a misdemeanor, is that correct? That's correct. There's no question about that. That's correct. And if it's a misdemeanor, the only misdemeanor charge that would apply would be simple possession. That's correct. Because under the original charge of possession with intent to distribute, it's not a misdemeanor, it's a felony. That's correct. It's not a wobbler, it's a felony. That's correct. So the charge and, of course, the difference is the BIA said, well, the state judge made a mistake. But if I understand the record, there was a discussion between counsel and the court saying, we want to protect this fellow's right under the immigration law. So even though it isn't explicit, it seems you're arguing it's very implicit that the charge had to be considered change. And even though the judge didn't specifically say that, the result is by imposing a misdemeanor sentence, it could only be for the lesser crime. Is that a statement of your position? That's correct. I think you've just summarized the petitioner's argument, Your Honor. Well, that's what I want to say. I don't say that I accept that argument. I understand. But I want to know what if that, if I stated your argument properly. That is correct. That is the petitioner's argument in this case. And he did initially plead to possession with intent to sell. However, the court, the state court has the discretion and the authority to change. And the state court saw fit to do so. What is your best case saying that that is binding? Your Honor, we put it in the petitioner's brief. I'll have to pull it up for Your Honor. That's okay. We'll find it if you don't want to look for it. Okay. And as Judge Bright indicated, the only possible scenario if the criminal court reduced the case to a misdemeanor, the only possible scenario under the California Health and Safety Code is that it be simple possession. It's so strange. I mean, the minute order again cites 11359 H Health and Safety Code, felony possession marijuana for sale. Even where it says offenses deemed to be a misdemeanor. Every mention of the offense in the record that we had cites it as a 11359 offense. What do we do about that? Well, that's correct. I mean, I can't explain to the court why that occurred, whether it was a clerical error. I don't know. I'm sorry. Finish. But we can say that it was the clear intent of the criminal court, if you look at the transcripts and the act that they actually did, that the case was not meant to be 11359, which is a straight felony. Well, if there's any ambiguity, do you lose because you have the burden of proof under the recent Young decision? And I understand. But I submit that there is no ambiguity because it seems clear, and the government even conceded in their brief that 11359 is a straight felony. It cannot be 11359. The only possibilities under the California Health and Safety Code are simple possession. I understand that. But the document, as Judge Ikuda points out, even the one changing it refers to possession for sale and to 11359. So doesn't that create an ambiguity at best for you as to what he was convicted of? Well, it does require the court to go beyond the minute orders. It does require the court to look at the court hearing transcripts, which provide clarification of the intent and the act of the court. And the court did, in fact, change the case to a misdemeanor. Let me ask you this question. As my colleagues have pointed out, and as the B&I said, there's an ambiguity, and you have the burden of proof. I don't know if it's possible, but at this late date, is it possible to go back to the state criminal court and have the state court clarify that, yes, we did change the charge from possession with intent to distribute to simple possession? Is that possible? It may be possible. The difficulty with this case is that the judge was no longer on the bench as well as the DA was no longer available. That became our difficulties with the case. But I suppose it would be possible to attempt it. I don't know whether the procedures in state court would allow you the time and everything else. I just wondered if that had been examined at all. It had been attempted by Mr. Lopez, but he hid roadblocks in the fact that the judge was no longer there and the district attorney was no longer available. Okay. Do you want to say anything? It would be difficult anyway. Yes. Yes. Thank you, Your Honor. We'll hear from the government. Your Honors, Joseph O'Connell on behalf of the respondent and Attorney General Eric Holder. Your Honors, this is a case where Mr. Lopez failed to satisfy his burden of proving clearly and beyond a doubt that he is admissible to the United States. And because he has his bill demonstrated, he is eligible for adjustment of status. Now, the record plainly demonstrates in this case that in 1997, he was convicted of possession of marijuana for sale. Now, that conviction, notwithstanding any sort of later rehabilitation, renders him inadmissible for having been convicted of a controlled substance violation. Now, his claims in his opening brief were incorrect. In essence, he's claiming because it was later reduced to another charge, which is in dispute in this case, that he will be eligible for relief under the Federal First Defenders Act, and that's simply not correct. Why is that not correct? So if the judge, for example, had said that the count 1 is now modified to be 11357 and this is a misdemeanor, it's just mere possession. Because that count was essentially rehabilitated. Because he was convicted in the first instance of possession of marijuana for sale. Now, under the Federal First Defenders Act, the defendant cannot be subject to any previous rehabilitation. Yeah, but we're just not a federal act. You know, this was a state charge. Yes, Your Honor. And aren't we obligated to interpret the state charge under state law? Yes, you are. Do you deny that under state law that charge could have been reduced even after a sentence, that it could be reduced to a simple possession and misdemeanor as contended by your opponent? It absolutely could have been reduced. And now the only question is whether or not the record is such. You say they have to prove it explicitly, and your opponent says, no, we've proved it implicitly, and the evidence is there even though it's circumstantial rather than direct. What's wrong with that approach? There is essentially nothing in the record that indicates that he was convicted under 11357, simple possession. Every single piece of evidence in the record indicates that he was convicted of possession for sale. So if anything, the best argument is that the record is inconclusive, and according to this Court's holding in Young, that that's simply insufficient to make a proven proof. I'm sorry. Go ahead. I was just going to ask, this seems to be an individual who has not otherwise done bad things. There are no other convictions that appear, at least in the record in front of us. What would be the government's position with respect to either mediation or a deferral of proceedings to enable the petitioner to go back to state court and actually try to come under the federal first offender guidelines? Well, the government's argument with respect to that is, number one, there's no evidence in the record that he was convicted of anything else. I don't know the particular – Well, that's not what I asked you. Okay. At this time, we would be opposed to it because we think the Board's decision is adequate in this case, and we think that he was actually convicted in the first instance under possession with intent to sell. So because he was convicted under possession of marijuana with intent to sell, he is necessarily inadmissible, and he's not eligible for any relief. No matter what the state court does afterwards? If it had clearly done what counsel is arguing for, would he still be categorical? I would argue that he is not. Could I reframe that question? It's the same question, but in our pre-Nunez-Reyes case law, which is still applicable here, you're saying that when we apply Lujan or Menderes and say whether the state offense is equivalent to the sort of offense that's recognized by the Federal First Offenders Act, we would look only at the initial conviction and not at the subsequent expungement or change of conviction. And what's the case you're looking at? That's a very rich history. I'm looking at actual statutes, the elements under the Federal First Defenders Act. Now, I think the third requirement is that the defendant not be subject to any prior rehabilitation. So essentially in this case, he rehabilitated one conviction, and then he would have to at that point he would be eligible for rehabilitation as a simple possession conviction. There's a second step in this case from conviction for possession for sale and to simple possession, and then at that point he would be eligible for first offender relief. So because of that extra step in the analysis, the board declined to deem him eligible for first offender relief. Can I ask you this? What's our standard of review? Now, I'm assuming, contrary to what your statement is, that everything in the record, in the transcript, everything before the BIA and subsequently is before us if it's in the record. As to whether this is we review the BIA for either clearly erroneous or here's an interpretation and construction of a state court judgment, is that a de novo review? Well, for the motion to reopen portion of it, it is an abuse of discretion standard. It's an abuse of discretion standard. The motion to reopen portion of it, because they're consolidated cases, we have two standards of review in this case. And again, any sort of factual arguments are, of course, reviewed for compiling evidence, and then any legal arguments are reviewed de novo. But in this case, the applicant has to demonstrate they are admissible, and any review of whether or not an applicant is admissible is reviewed, I believe, under clear and convincing. I believe that's the standard. I'm not entirely sure of the review for an indisability. But again, any legal questions are reviewed de novo here. Well, okay. So the question of how you categorize this is a factual or legal issue in some ways. Okay. In some ways, yes, Your Honor. Okay. Thank you. Are there any other questions I didn't sum up? Yes. If this is a case in which Mr. Lopez essentially failed to demonstrate that he is eligible for adjustment status, and because he has, the court should deny the provision of review. Thank you. Thank you, counsel. Your Honor, the government misconstrues the burden of proof that the Petitioner has in this case. They stated that he must establish clearly and beyond doubt that he is not inadmissible. First of all, this is the first time that this higher burden of proof has been raised. It was not raised at the VA. Well, regardless of what the burden of proof is, at some level, it's on the Petitioner. No, no, absolutely, Your Honor. Okay. So the Petitioner has a burden of proof. It's not on the government. So if there's ambiguity under Young, he hasn't carried his burden. Absolutely. The government is arguing that the Petitioner has a higher burden than he does. The burden he has is preponderance of evidence, which this Court stated in Young. And there's a difference between a preponderance of evidence and a clearly and beyond doubt being admissible. Petitioner was only charged with being inadmissible as being present in the United States without being admitted or paroled. He was not charged as being a drug trafficker or convicted of a controlled substance or any other section of law. He conceded the charge that he was present in the United States without being admitted or paroled. And both this Court in Young and the BIA held in its decision that the burden of proof is preponderance of evidence. And we submit that the Petitioner has met his burden of proof, that although the minute orders in isolation are conflicting, but the Court must read the record, the criminal court record altogether and take it in conjunction with California law. And in doing so, the only legally possible and therefore probable explanation is that the Petitioner is not a drug trafficker and is not a convicted drug trafficker, but a convicted drug trafficker, and is not in a position to sell it as straight possession. Thank you, counsel. Thank you. We appreciate the arguments of both counsel. They have been very helpful. And the case is submitted.
judges: Bright, Graber, Ikuta